## Rydzy v. Rydzy

*O'Hare & O'Hare*, for libellant.
*Gallagher & Gallagher*, for respondent.

PAUL, J., May 5, 1947.—Libellant filed a libel in divorce on two grounds: (1) adultery, and (2) indignities. Respondent filed a rule for a bill of particulars. Libellant filed a bill of particulars. Thereupon, respondent filed a rule for a more specific bill of particulars.

The first part of the bill of particulars relates to the charge of adultery. The first three paragraphs are as follows:

"1. On or about October 15, 1945, at about 10 p.m. libellant discovered his wife in a booth, at Wallace's Cafe, at corner of Centre and West Streets, in the Borough of Shenandoah, Pa., with one Zigmund Kriger. At the time they were on terms of improper intimacy.

"2. On or about November 29, 1945, at about 10 p.m. libellant discovered his wife in a booth, at Paskey's Cafe, West Centre Street in the Borough of Shenandoah, Pa., with Zigmund Kriger. At the time, they were on terms of improper intimacy.

"3. Beginning October 15, 1945, and continuing until this date, respondent contrived frequently to be in the company of co-respondent, and was on terms of improper intimacy with him during all that time."

Libellant does not state that respondent was committing adultery but that "they were on terms of improper intimacy". The meaning of this term is vague. It at most does not charge adultery.

The beginning of the fourth paragraph is as follows:

"4. On or about June 15, 1946, upon calling at his home, No. 211 West Mt. Vernon Street, Shenandoah, Pa., at 2 p.m. discovered his wife with Daniel Andrulonis."

The libellant does not state whether Mr. Andrulonis was selling Fuller brushes or what he was doing. In the latter part of the paragraph libellant states:

"During all the period of improper intimacy, respondent committed adultery with the named co-respondents at the following times and places, on or about October 15, 1945, at Wallace's Cafe, Shenandoah, Pa., on or about November 29, 1945, at Paskey's Cafe, Shenandoah, Pa., and on or about June 15, 1946, at respondent's residence at No. 211 West Mt. Vernon Street, Shenandoah, Pa."

It could be guessed from a reading of the prior paragraphs that the acts of adultery committed in October 1945 and on November 16, 1945, referred to Zigmund Kriger and that the act of adultery referred to on June 15, 1946, referred to Daniel Andrulonis. However, in preparing her defense, respondent should not have to guess but should know definitely.

The second part of the bill of particulars refers to the charge of indignities. Libellant has not set forth in detail acts or occurrences. That is not necessary. Indignities refer to a course of conduct.

"It is well settled, however, that it is not with isolated occurrences that the law concerns itself in determining whether a divorce should be granted upon this ground, but only with indignities so repeated and continuous as to constitute a course of conduct which renders the complaining party's condition intolerable and life itself a burden.": Dearth v. Dearth, 141 Pa. Superior Ct. 344, 353.

It is evident from a reading of the bill of particulars as to the charge of indignities that it is the intention of libellant to prove this charge by proof of respondent's conduct with other men. The bill is sufficient as to this charge.

"Conduct by a husband with respect to other women, although not sufficient to support a charge of adultery, may be considered as a form of personal indignity to his wife rendering her condition intolerable and life burdensome.": Lowe v. Lowe, 148 Pa. Superior Ct. 439. (syllabus.)

However, inasmuch as the bill of particulars is not sufficient as to the charge of adultery, the rule must be made absolute.

And now, May 5, 1947, the rule to show cause is made absolute. Libellant is directed to file a more specific bill of particulars within 15 days of this date.